UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL SIMMONS,

    Plaintiff,

v.

                                   Case No.16-11142

                                   HON. AVERN COHN

STEVEN RIVARD, et. al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 6)

### I.

This is a <u>pro se</u> prisoner civil rights action under 42 U.S.C. § 1983. At the time he filed his complaint, the plaintiff did not pay the required $350.00 filing fee, nor did he submit a proper application to proceed without prepayment of the filing fee. As will be explained, the Court dismissed the case without prejudice because plaintiff failed to pay the fee or submit a proper application to proceed without prepayment of the filing fee.

Before the Court is plaintiff's motion for reconsideration of the dismissal. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE. Should plaintiff wish to pursue this case, he may file a new complaint under a new case number with a proper application to proceed without prepayment of the filing fee.

### II.

Shortly after plaintiff filed the complaint, the Court entered an order of deficiency, which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a

1

signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months.  Alternatively, the order allowed Plaintiff to pay the filing fee in full. Plaintiff was given thirty days to comply with the order. (Doc. 2).

On April 18, 2016, Plaintiff filed an affidavit stating that he was unable to pay the filing fee and service costs.  Plaintiff also filed a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. (Doc. 4).

Plaintiff, however, failed to file a copy of the Application to Proceed in District Court Without Prepayment of Fees or Costs.  Plaintiff also did not provide a written authorization to withdraw funds from his prison trust fund account.  Plaintiff also failed to provide a trust account statement that was certified by the appropriate prison official at his place of incarceration.  Because plaintiff has failed to correct the filing deficiencies within the allotted time for doing so, the Court dismissed the complaint without prejudice.  (Doc. 5).

Plaintiff then filed the instant motion for reconsideration.  Attached to the motion for reconsideration, plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs, which contained a written authorization to withdraw funds from his prison trust fund account as well as a certified trust account statement.

## II.

If an prisoner, like plaintiff, who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify

the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. <u>McGore v. Wrigglesworth</u>, 114 F. 3d at 605. If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. <u>Id.;</u> See also <u>In re Prison Litig. Reform Act</u>, 105 F. 3d 1131, 1132 (6th Cir. 1997).

      Here, because plaintiff did not timely cure his filing fee defects in this case, the Court is unable to reinstate his complaint. However, if plaintiff wishes to pursue this matter, he can do so by filing a new complaint with the appropriate documentation to proceed without prepayment of the filing fee.

      SO ORDERED.

                                      <u>S/Avern Cohn</u>
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: September 12, 2016
      Detroit, Michigan